# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1475V
UNPUBLISHED

| | |
|---|---|
| MICHAEL MENDOZA, *Guardian ad Litem of C.M., a minor*,<br><br>       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>       Respondent. | Chief Special Master Corcoran<br><br>Filed: November 10, 2021<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Alan Kenneth Nicolette, Nordstrom, Steele, et al.,* Tustin, CA, for Petitioner.

*Matthew Murphy, U.S. Department of Justice,* Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On October 26, 2020, Michael Mendoza filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), on behalf of C.M. Petitioner alleges that C.M. suffered Guillain-Barré Syndrome ("GBS") which meets the Table definition for GBS after receiving the influenza vaccine on September 6, 2019. Petition at 1, ¶¶ 2, 40. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 2, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for C.M.'s GBS. On November 10, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded compensation in the amount of $6,231.59 for past unreimburseable expenses and an amount not to

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

exceed $150,000.00 to purchase an annuity contract as described in II.B. for pain and suffering. Proffer at 2-3. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award the following:**

A. **A lump sum in the amount of $6,231.59, representing compensation for actual unreimbursable expenses, in the form of a check payable to Petitioner; and**

B. **A lump sum of $150,000.00 to purchase the annuity contract described in Section II.B of the Proffer, representing compensation for pain and suffering.**

These amounts represent compensation for all damages that would be available under Section 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

2

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MICHEAL MENDOZA, Guardian ad Litem of C.M., a minor,<br><br>           Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>           Respondent. | No. 20-1475V<br>Chief Special Master Corcoran<br>ECF |

**RESPONDENT'S PROFFER OF DAMAGES**

**I.**   **Procedural History**

On October 26, 2020, Michael Mendoza, guardian ad litem of C.M, a minor, ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that C.M. suffered Guillain-Barre Syndrome ("GBS") as a result of an influenza ("flu") vaccination administered to him on September 6, 2019. Petition at 1. On March 29, 2021, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act, and on April 2, 2021, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 25; ECF No. 26.

**II.**   **Items of Compensation and Form of the Award**

1

Based upon the evidence of record, respondent proffers, and the parties recommend, that compensation be made through a lump sum and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

A.   Past Unreimbursable Expenses

Evidence supplied by petitioner documents his expenditure of past unreimbursable expenses related to C.M.'s vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $6,231.59, in the form of a check payable to petitioner. Petitioner agrees.

B.   Pain and Suffering

For pain and suffering, an amount not to exceed $150,000.00 to purchase an annuity contract,[2] paid to the life insurance company[3] from which the annuity will be purchased,[4] subject to the conditions described below, that will provide payments to C.M. as set forth below:

---

[1] Should C.M. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[2] At respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

   b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

   c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

   d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[4] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

1. Beginning June 11, 2023, $25,000.00 per year for four (4) years certain.

2. A certain lump sum of $12,751.65 payable on June 11, 2026.

3. A certain lump sum of $14,187.17 payable on June 11, 2030.

4. A certain lump sum of $14,945.35 payable on June 11, 2032.

5. A certain lump sum of $16,182.43 payable on June 11, 2035.

The purchase price of the annuity described in this section II.B shall neither be greater nor less than $150,000.00. In the event that the cost of the certain annuity payments set forth above varies from $150,000.00, the lump sum payment due on June 11, 2035, listed above, shall be adjusted to ensure that the total cost of the annuity is neither less than nor greater than $150,000.00. Should C.M. predecease any of the certain annuity payments set forth above, said payments shall be made to his estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of C.M.'s death.

These amounts represent all elements of compensation to which C.M. would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.[5]

### III.    Summary of Recommended Payments Following Judgment

    A.    Past Unreimbursable Expenses:    **$6,231.59**

    B.    A lump sum of $150,000.00 to purchase the annuity contract described above in section II. B.

---

[5] At the time payment is received, C.M. will be an adult, and thus guardianship is not required.

3

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

/s/Emilie F. Williams
EMILIE F. WILLIAMS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Direct Dial: (202) 305-0124

DATED:   November 10, 2021